NOT DESIGNATED FOR PUBLICATION

No. 128,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN MICHAEL SHOPTEESE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Submitted without oral argument. Opinion filed August 22, 2025. Appeal dismissed.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Kevin M. Hill*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: Ryan Michael Shopteese timely appeals the downward departure sentence of 100 months' imprisonment imposed by the district court for his conviction of aggravated battery. Because his sentence was within the range agreed upon with the State in the plea agreement and approved by the district court on the record, we must dismiss Shopteese's appeal.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Shopteese and Chad Pewamo had an altercation on Pewamo's property. Shopteese punched Pewamo several times and stomped on his face until Pewamo was unconscious. Shopteese was arrested and charged with aggravated battery. When Shopteese posted bond, the conditions for bond included a no-contact order for Pewamo or Pewamo's residence. Shopteese was later arrested for violating the no-contact order after he admitted to walking through Pewamo's backyard, and his bond was revoked.

Pursuant to a plea agreement, Shopteese pled no contest to aggravated battery and violation of a protective order. In exchange for his pleas, Shopteese and the State agreed on the record to seek a durational departure to between 43 and 100 months' imprisonment. This request was 62 months less than the presumptive 162 months recommended by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq., for a person with Shopteese's criminal history score of A. See K.S.A. 21-6804(a). The parties also agreed that Shopteese waived his right to appeal any sentence within the agreed-upon range. At the plea hearing, the district court confirmed Shopteese's intent to enter the plea agreement. Shopteese and the State both agreed orally on the record to the plea agreement; however, we have been unable to find a written plea agreement in the record.

At sentencing, the State requested a 100-month sentence, asserting a 62-month reduction from the presumptive sentence was still substantial considering Shopteese's conduct. Shopteese argued for a sentence of 42 months, citing a variety of factors. The State reaffirmed its request for 100 months, citing Shopteese's criminal history, the significance of injuries the victim sustained, and the violent nature of the offense. Shopteese acknowledged he had made a mistake, stating: "I know I messed up, doing what I did, you know? Ain't nobody perfect here. Ain't perfect today. And it is what it is." The district court approved the plea agreement and granted Shopteese's departure motion,

sentencing him to 100 months' imprisonment for aggravated battery with a concurrent 12-month jail sentence for violation of a protective order.

ANALYSIS

K.S.A. 21-6820(c)(2) precludes Kansas appellate courts from reviewing sentences resulting from an agreement between the State and a defendant that has been approved on the record. The State and Shopteese agreed to the plea agreement on the record, and Shopteese was sentenced within the agreed-upon range. Under the plea agreement, both parties agreed to waive the right to appeal any sentence imposed within the agreed-upon sentencing range. A "'knowing and voluntary waiver [of a defendant's] statutory right to appeal is generally enforceable.'" *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008). However, when the waiver occurs as part of a plea agreement, any ambiguity in the extent of the waiver must be construed in favor of the criminal defendant. 287 Kan. at 228-29; *State v. Bennett*, 51 Kan. App. 2d 356, 364, 347 P.3d 229 (2015).

Plea agreements are "'generally subject to contract principles' and . . . the 'application of fundamental contract principles is generally the best means'" to fairly enforce a plea agreement. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). "A binding contract typically entails an offer of terms, an acceptance of those terms, and consideration or a thing of value passing from each party to the other." *Duling v. Mid American Credit Union*, 63 Kan. App. 2d 428, 436, 530 P.3d 737 (2022).

Here, the parties formed an oral contract, confirmed on the record in front of the district court, for Shopteese to waive his right to appeal. At the plea hearing, the State clarified the terms for both counts. For aggravated battery, "the defense and the State have agreed not to appeal a sentence that would fall within [the] 43-month to 100-month range." For violation of a protection order, the State explained the plea agreement allowed for any sentence imposed to run concurrent with count one. The court accepted

3

these terms and confirmed Shopteese knew and understood; Shopteese agreed on the record:

> "THE COURT: Mr. Shopteese, you heard the statement of the plea agreement by [the prosecutor]. And the approval of it by your attorney. Was that the plea agreement you authorized [your attorney] to make for you?
> "THE DEFENDANT: Yes, your Honor."

There was a valid offer, acceptance, and consideration at the sentencing hearing. The State's offer included recommending a durational departure for aggravated battery, with a concurrent sentence for violation of a protective order. Shopteese's consideration included entering his pleas, waiving his right to a jury trial, and waiving his right to appeal a sentence within the agreed-upon range. These terms were explicitly stated on the record, agreed to by the parties, and, upon Shopteese entering his pleas, the plea agreement was accepted and followed by the district court. Shopteese clearly waived his right to appeal any sentence imposed between 43 and 100 months' imprisonment. Accordingly, we cannot consider his substantive arguments. See K.S.A. 21-6820(c)(2).

Appeal dismissed.